IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Debbie Hughey, ) | Civil Action No. 6:07-297-HFF-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER  AND** |
| ) | **REPORT AND RECOMMENDATION** |
| Greenville Hospital System, ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the defendant's motion to dismiss [Doc. 54] for the plaintiff's failure to comply with the Order of this Court, dated August 23, 2007 [Doc. 49]. In that Order the Court granted the defendant's request to compel full discovery responses from the plaintiff. The defendant represents that the plaintiff continues to blatantly refuse to participate in discovery, and argues, therefore, that her case should be dismissed. While the defendant's frustration in this regard is justifiable, the Court declines to recommend dismissal of the case at this time.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**DISCUSSION**

The plaintiff has now twice served written answers and responses to the defendant's interrogatories and requests for production. Those answers, however, continue to be incomplete principally because the plaintiff insists that the defendants already have the answers they seek either informally or by way of the EEOC charge or the Complaint in this case. While in direct contravention of this Court's prior Order [Doc. 49], the Court does not believe that the most recent responses were submitted in bad faith such that they would justify dismissal of the case but, instead, continue to reflect some misunderstanding on the part of the plaintiff as to her responsibilities in discovery. [See Doc. 54 Exs. A, B.] The plaintiff will be given another clear chance to participate in discovery as required.

In the Court's prior Order, the Court attempted to explain that ***whether or not the defendant already has the documents or the answers, which it now seeks from the plaintiff, is irrelevant***. The defendant is entitled to receive those documents and answers directly from the plaintiff herself.

Notwithstanding, the plaintiff in her most recent discovery responses has continued to answer by insisting that the defendant is already in possession of the information or documents. [See Doc. 54 Ex. A at 1; Ex. B Interrog. Nos. 6, 7, 8, 10.] The plaintiff, however, also appears to suggest that she does not have some of the physical materials, as they have allegedly been stolen. [Doc. 54 Ex. A at 1; Doc. 67.] If the plaintiff cannot produce documents or information responsive to the discovery requests it is her duty to say so specifically. Accordingly, the plaintiff is ORDERED to do the following:

1. Regarding **Interrogatory Nos. 6, 7, 8, 10, 13, 14** the plaintiff is ORDERED to either (a) specifically answer the interrogatories OR (b) indicate expressly, concerning each interrogatory, that she either does not know the answer or does not have the information within her personal knowledge and possession. The plaintiff should provide these answers ***regardless of whether or not she believes the defendant has the information from another source or even from itself***.

2. Regarding the **request for production**, the plaintiff, for each specific request, must produce the documents requested ***regardless of whether or not she believes the defendant already has the documents in its possession***. IF the plaintiff no longer has the documents requested, she should specifically say so in regards to EACH document request, for which that answer applies. In other words, if she does not have documents responsive to Document Request No. 1, her response should specifically reflect that she does not have any documents responsive to Request No. 1. Her responses should be equally specific for each of the document requests.

## *SERIOUS CONSEQUENCES*

If the plaintiff fails to comply with these instructions, ***two consequences may arise***. First, depending on the seriousness of her non-compliance, if any, the Court may elect to **DISMISS** the case. Second, depending on the nature of her attempted compliance, the

2

Court may elect to **EXCLUDE** future attempts by the plaintiff to use documents, witnesses, or information requested by the defendant, which the plaintiff refused to provide on the basis that the defendant could obtain the requested documents and information from another source. For example, if the plaintiff refers to EEOC documents to identify key witnesses instead of identifying them specifically in her discovery answers, then the Court may prohibit her from calling such witnesses at trial or from relying on their testimony in opposition to a motion for summary judgment.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 54] be DENIED. It is ORDERED that the plaintiff shall make discovery responses within ten (10) days of this ORDER in accordance with the requirements as described above. If the plaintiff fails to do so, she may face sanctions as described herein including a ***dismissal with prejudice*** of her case.

IT IS SO RECOMMENDED AND ORDERED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 22, 2008
Greenville, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to the Report and Recommendation, contained herein, with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4