IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Debbie Hughey, | ) | Civil Action No. 6:07-297-HFF-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Greenville Hospital System, | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the plaintiff's motion for summary judgment. [Doc. 86.] The plaintiff has pled claims for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The plaintiff has not met her burden under Fed. R. Civ. P. 56, in any respect, to demonstrate that no genuine issues of fact remain as to her claims such that judgment

could be entered in her favor.  She has not included any legal argument in her motion nor attached any evidence to it, affidavits or otherwise.  Her motion is, instead, a complaint concerning discovery to which she claims she is entitled.  The plaintiff, however, has not attached to her motion any discovery requests served on the defendant, as required by Local Civil Rule 37.01 DSC, nor has she demonstrated any deficiency in responses made. Conversely, the defendant has shown that it made a voluminous production of documents to the plaintiff in response to a document served by her entitled "Affidavit."

If the plaintiff meant her motion for summary judgment to be a request for discovery in the first instance, it must be served directly on the defendant and not with the Court.  If she meant it as a motion to compel, it is not properly supported.

There is no basis to grant judgment in favor of the plaintiff nor to compel any discovery from the defendant.

## CONCLUSION

Wherefore, based upon the foregoing, it is RECOMMENDED that the plaintiff's motion for summary judgment [Doc. 86] be DENIED.

IT IS SO RECOMMENDED AND ORDERED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 14, 2008
Greenville, South Carolina

**The parties' attention is directed to the important notice on the next page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to the Report and Recommendation, contained herein, with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).